## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK ALLEN, SR.,                )
                                   )
                 Plaintiff,        )
                                   )
            v.                     )        1:25cv318
                                   )
DURHAM RESCUE MISSION, et al.,     )
                                   )
                 Defendants.       )

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge on an Application to Proceed in District Court Without Prepaying Fees or Costs (Docket Entry 2) (the "Application") filed by Derrick Allen, Sr. (the "Plaintiff") in conjunction with Plaintiff's pro se complaint (Docket Entry 1) (the "Complaint") against Durham Rescue Mission (the "Mission") and three of its employees (collectively, "Defendants") (see id. at 2).[1] For the reasons that follow, the Court will (i) grant the Application for the limited purpose of recommending dismissal of this action, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim and (ii) recommend the Court impose a prefiling injunction.

---

[1] Docket Entry page citations utilize the CM/ECF footer's pagination.

<u>**LEGAL STANDARD**</u>

"The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989).  To balance this public interest with the potential administrative burden on the courts, the statute provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that the action . . . fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint falls short of that requirement when it does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (<u>quoting</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Id.</u>  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>[2]

---

2  Although "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must
(continued...)

2

<u>**BACKGROUND**</u>

Seeking "twelve[-]trillion [dollars]" (Docket Entry 1 at 4) for violations of his First, Fifth, and Eighth Amendment rights (<u>see</u> <u>id.</u> at 3), Plaintiff initiated this action against Defendants in the United States District Court for the District of Columbia on December 27, 2024 (<u>see</u> <u>id.</u> at 1). As summarized by that court, the Complaint

> alleges that [Plaintiff] "was kicked out" of the Mission after a background check falsely "conveyed" that he "was a sex offender." <u>Id.</u> at 4. While at the Mission, moreover, Plaintiff allegedly was "forced to attend church services and pray, which isn't a part of his religion and/or culture." <u>Id.</u> at 5.

(Docket Entry 3 at 1 (internal brackets omitted); <u>see also</u> Docket Entry 1 at 4-5 (alleging that, "when staff learned that [Plaintiff is] a five percenter [sic], [he] was hastily . . . ushered away from the [ ] Mission").)

---

2(...continued)
be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); <u>accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a pro se complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting <u>Erickson</u>, 551 U.S. at 94; then quoting <u>Iqbal</u>, 556 U.S. at 679)).

3

"Because the alleged events giving rise to this action occurred in North Carolina by North Carolina-based individuals" (Docket Entry 3 at 2; see also Docket Entry 1 at 2), rendering venue in the District of Columbia "improper" (Docket Entry 3 at 1), the court there transferred the case to this Court (see id. at 2; see also id. (leaving "for the receiving court" determinations such as "[w]hether [P]laintiff should proceed further and without prepayment of fees")).

## DISCUSSION

### I.  Failure to State a Claim

The Complaint "seek[s] to vindicate alleged violations of [Plaintiff's] constitutional rights by non-federal actors. Construing [the C]omplaint liberally, the [undersigned] considers those claims as brought under 42 U.S.C. § 1983 ('Section 1983')." McKiver v. Ireland, No. 7:23cv548, 2024 WL 677707, at *3 (W.D. Va. Feb. 20, 2024).

"A claim under [Section] 1983 requires that the [d]efendant act under color of state law." Harr v. Brodhead, No. 1:11cv263, 2012 WL 719953, at *2 (M.D.N.C. Mar. 5, 2012) (internal quotation marks omitted), aff'd, 475 F. App'x 15 (4th Cir. 2012). A defendant acts under color of state law "only when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Polk Cnty. v. Dodson, 454 U.S. 312, 317-18 (1981) (internal quotation marks

4

omitted).  "[P]rivate activity," on the other hand, "will generally not be deemed state action unless the state has so dominated such activity as to convert it to state action . . . ."  <u>Phillips v. Pitt Cnty. Mem'l Hosp.</u>, 572 F.3d 176, 181 (4th Cir. 2009) (internal quotation marks omitted); <u>see also</u> <u>Mentavlos v. Anderson</u>, 249 F.3d 301, 310 (4th Cir. 2001) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of [Section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. . . .  The state action requirement reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments." (internal quotation marks omitted)).

Here, "Plaintiff does not allege any facts suggesting that Defendants were acting under color of state law."  <u>Banks v. Ross</u>, Nos. 1:24cv391, 1:24cv415, 2025 WL 675583, at *3 (M.D.N.C. Feb. 10, 2025), <u>recommendation adopted</u>, 2025 WL 674762 (M.D.N.C. Mar. 3, 2025).  The Complaint, which identifies the Mission as an "organization" (Docket Entry 1 at 2) and its employees by their titles within that organization (<u>see</u> <u>id.</u>), fails to allege any connection between Defendants and the State.  As such, whatever alleged wrongs Plaintiff suffered while under the Mission's auspices, no "matter how discriminatory or wrongful," <u>Mentavlos</u>, 249 F.3d at 310 (internal quotation marks omitted), constitute "merely private conduct," <u>id.</u> (internal quotation marks omitted),

5

and cannot sustain Plaintiff's claims (pursuant to Section 1983) for violations of his constitutional rights.  The Complaint therefore "fail[s] to state a claim for a First, [ ] Fifth, or Eighth Amendment violation, and . . . should be dismissed." Banks, 2025 WL 675583, at *3.

## II.  Prefiling Injunction

In 2023, in light of Plaintiff's extensive history of frivolous litigation (further detailed below), the Court (per United States District Judge Thomas D. Schroeder) imposed a "two[-]year[ prefiling injunction on] any civil action submitted by Plaintiff without prepayment of the full filing fee." Allen v. Birkhead, No. 1:21cv551, Docket Entry 8 at 3 (M.D.N.C. Feb. 6, 2023); see also Allen v. Birkhead, No. 1:21cv551, 2023 WL 11844717, at *2 (M.D.N.C. Jan. 11, 2023) (recommending same, "because — even after the filing of [ o]rders . . . outlining his abusive litigation activity and denying him pauper status as a result — Plaintiff [ ] continued his pattern of seeking to abuse the privilege of proceeding as a pauper").  Because (A) the instant case represents one of several attempts by Plaintiff to circumvent the two-year prefiling injunction and (B) the relevant factors favor the imposition of renewed restrictions, the undersigned recommends that the Court impose another prefiling injunction.

Courts possess inherent authority to impose sanctions on litigants, see Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991);

6

see also <u>Armstrong v. Koury Corp.</u>, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998) ("Courts have the authority to protect defendants from the harassment of frivolous and vexatious lawsuits, and to protect themselves from having to process frivolous and repetitive papers."), and retain "substantial discretion to craft appropriate sanctions," <u>id.</u>, including a prefiling injunction, <u>see</u> <u>id.</u> "In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances," <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 818 (4th Cir. 2004), including:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

<u>Id.</u> "Such a drastic remedy must be used sparingly," <u>id.</u> at 817, and "even if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue," <u>id.</u> at 818.[3]

---

3   Additionally, "before [the Court] issues a prefiling injunction . . ., even a narrowly tailored one, [it] must afford a litigant notice and an opportunity to be heard." <u>Cromer</u>, 90 F.3d at 819. Pursuant to that requirement, "[t]his [memorandum opinion] and recommendation provides notice to [ P]laintiff of the recommendation that prefiling restrictions be entered and provides [him] an opportunity to be heard regarding the imposition of a prefiling injunction." <u>Boyd v. County of Spartanburg</u>, No.
(continued...)

### A. Plaintiff's Litigation History

As noted by a neighboring district court, "[Plaintiff] is no stranger to litigation in federal court in North Carolina. By 2021, [he] had filed about 65 cases in the Middle District of North Carolina that were all dismissed for being frivolous, failing to state a claim, or a lack of jurisdiction." Allen v. North Carolina, No. 5:24cv629, 2024 WL 5346379, at *1 n.3 (E.D.N.C. Dec. 23, 2024), recommendation adopted, 2025 WL 255445 (E.D.N.C. Jan. 21, 2025).[4] "In th[e Eastern D]istrict[ of North Carolina], he has filed over 20 cases, with many deemed to be frivolous filings." Id. Likewise, the Fourth Circuit, after taking note "of nearly two dozen unsuccessful appeals that [Plaintiff] ha[d] filed in [a span of] two years," Allen v. Coffey, No. 21-1934, 2022 WL 34152, at *1 (4th Cir. Jan. 4, 2022), as well as the "increase[ in] the

_____

3(...continued)
7:24cv3139, 2024 WL 3822807, at *5 (D.S.C. July 19, 2024), recommendation adopted, 2024 WL 3822801 (D.S.C. Aug. 14, 2024); see also Harris v. Aramark, No. 1:10cv228, 2011 WL 10618725, at *3 (M.D.N.C. Dec. 5, 2011) ("In an unpublished opinion, the Fourth Circuit has indicated that this requirement would be satisfied if the party received notice and had an opportunity to respond to the proposed injunction before the adoption of the magistrate judge's recommendation.") (citing Tucker v. Drew, Nos. 94-6241, 94-6242, 94-6243, 1994 WL 200489, at *1 (4th Cir. May 23, 1994)), aff'd, 470 F. App'x 150 (4th Cir. 2012).

4 Another count "revealed approximately 100 civil actions (with IFP applications), which Plaintiff has filed in this Court since July 12, 2019," Allen v. Birkhead, No. 1:21cv551, 2022 WL 16949733, at *2 (M.D.N.C. Nov. 15, 2022) (emphasis added), "only two [of which] made it past th[e] Court's initial screening under 28 U.S.C. § 1915(e)(2)(B)," id. at *3.

frequency of his [appellate] filings," id., "conclude[d] that a prefiling review system [wa]s warranted," <u>Allen v. Coffey</u>, No. 21-1934, Docket Entry 14 at 1 (4th Cir. Mar. 23, 2022), and "enjoin[ed Plaintiff] from filing any civil appeal in th[e Fourth Circuit] unless a district court judge has certified that the appeal is not frivolous," <u>id.</u> at 1-2.[5]  Although the (now-expired) prefiling injunction impeded Plaintiff's attempts "to abuse the privilege of proceeding as a pauper," <u>Allen</u>, 2023 WL 11844717, at *2, in this district, he remains determined to pursue his claims by other means, as explained below.

## B.  Plaintiff's Bad Faith

Turning to whether Plaintiff "had a good faith basis for pursuing the litigation," <u>Cromer</u>, 390 F.3d at 818, the instant action represents one of several attempts by Plaintiff to circumvent the Court's two-year prefiling injunction, which expired on February 6, 2025, <u>see</u> <u>Allen</u>, No. 1:21cv551, Docket Entry 8 at 3. More specifically, on December 4, 2023, Plaintiff filed a complaint and moved to proceed in forma pauperis in the District of Columbia,

---

5  In response to a show-cause order preceding the Fourth Circuit's prefiling review order, Plaintiff stated, inter alia, that he was "not going to pay [the Fourth Circuit] a dime," <u>Allen</u>, No. 21-1934, Docket Entry 13 at 1 (4th Cir. Jan. 26, 2022), he "ha[d] no respect for th[e Fourth Circuit,] and [he] th[ought both the Fourth Circuit] and the United States Supreme Court [were] a joke," <u>id.</u> (all-caps font omitted); <u>see also</u> <u>id.</u> ("Do what you want, because I am paying you nothing and you can bar me[.]  I will move and sue you in another state for violating my First Amendment [right] to petition the government for a redress of grievances." (all-caps font and concluding ellipsis omitted)).

see Allen v. Cooper, No. 1:24cv120, Docket Entries 1 through 2 (M.D.N.C. Dec. 4, 2023); see also id., Docket Entry 3 at 1-2 (M.D.N.C. Dec. 14, 2023) (granting leave to proceed in forma pauperis in District of Columbia), despite "all of the defendants [listed in the complaint] . . . and all of the circumstances giving rise to [P]laintiff's claims [ ] occurr[ing in North Carolina]," id., Docket Entry 9 at 2 (Jan. 23, 2024). Upon transfer of that action (due to improper venue) to this district, see id., the Court "str[uck] Plaintiff's [in forma pauperis] status[] in light of the [then-active prefiling injunction]," id., Text Order (Feb. 29, 2024). Undeterred, in addition to the instant action, Plaintiff attempted (and the District of Columbia transferred to this district) two more end-runs around the prefiling injunction, see Allen v. Raleigh Housing Auth., No. 1:24cv348, Docket Entries dated Jan. 28, 2024, to Apr. 29, 2024 (M.D.N.C. 2024); Allen v. Cooper, No. 1:24cv832, Docket Entries dated July 11, 2024, to Oct. 7, 2024 (M.D.N.C. 2024).[6] The undersigned therefore concludes that Plaintiff's "patent attempt[s] . . . to circumvent the pre-filing injunction," Kissi v. Pramco, II, LLC, Civ. Action No. 09-267, 2009

---

[6] A cursory search of the District of Columbia's CM/ECF system revealed approximately 65 civil actions filed by Plaintiff against primarily North-Carolina-based defendants since October 2023, including several cases commenced after (and despite) the expiration of the prefiling injunction in February 2025, see, e.g., Allen v. Cooper, 1:25cv3316, Docket Entry 1 at 2-3 (D.D.C. Sept. 18, 2025); Allen v. Cooper, No. 1:25cv4605, Docket Entry 1 at 2 (D.D.C. Nov. 21, 2025); Allen v. Boyle, No. 1:26cv470, Docket Entry 1 at 2-3 (D.D.C. Jan. 20, 2026).

WL 8636986, at *1 (D. Md. Feb. 12, 2009), aff'd, 401 F. App'x 787 (4th Cir. 2010), constitute bad faith. See also, e.g., Matthews v. Patterson, No. 1:08cv613, 2009 WL 10689049, at *1 (M.D.N.C. Mar. 30, 2009) ("Plaintiff cannot get around [one district's] injunction by filing her complaint in [another] district."); Dantzler v. United States Equal Emp. Opportunity Comm'n, 810 F. Supp. 2d 312, 319 (D.D.C. 2011) ("A litigant should not be allowed to intentionally circumvent the spirit and intent of an injunction barring future filings by simply filing a new complaint in another court or jurisdiction."); Silver v. Rausch Sturm Israel Enerson & Hornik LLP, No. 5:20cv101, 2020 WL 10056299, at *1 (W.D. Tex. Mar. 5, 2020) ("[The p]laintiff cannot avoid th[e] prefiling injunction by first filing a lawsuit in another federal district and then having that case transferred to this [c]ourt."), recommendation adopted sub nom., Silver v. Rausch Sturm Israel Enerson, 2020 WL 10056293 (W.D. Tex. Mar. 18, 2020).

Further indicating bad faith, "Plaintiff has amassed an extensive record not only of filing frivolous actions, but also of consistently making claims that suffer from the same patent defects [as the Complaint does here], such as [a] lack of any showing of state action for constitutional violations," Allen, 2022 WL 16949733, at *4 (parentheses omitted); see also Allen v. Better Dental, No. 1:22cv146, Text Recommendation (M.D.N.C. Feb. 23, 2022) (recommending dismissal "for failure to state a claim, due to the

11

lack of any factual allegations in [the c]omplaint showing that [the d]efendants (three dental practices which failed to provide the type(s) of service(s) that Plaintiff desired) acted under color of state law so as to trigger potential civil liability for violations of the . . . Constitution (as made actionable via [Section] 1983), a requirement about which the Court has advised Plaintiff <u>repeatedly</u> in connection with many prior actions" (emphasis added)); <u>Allen</u>, 2022 WL 16949733, at *4 (listing other common defects, such as Plaintiff's "reliance on conclusory allegations and/or inapplicable notions of respondeat superior liability, and [ ] identification of defendants not subject to suit"). Nonetheless, "Plaintiff [ ] continues his pattern of filing frivolous actions," <u>Allen v. Clarke</u>, No. 5:23cv114, 2023 WL 4837855, at *2 (E.D.N.C. June 16, 2023), <u>recommendation adopted</u>, 2023 WL 4826202 (E.D.N.C. July 27, 2023), indicating bad faith. <u>See</u> <u>In re Evergreen Sec., Ltd.</u>, 570 F.3d 1257, 1274 (11th Cir. 2009) ("[C]ontinually advancing groundless and patently frivolous litigation is tantamount to bad faith." (internal quotation marks omitted)).

## C. **Burden on Courts and Other Parties**

Next, "[o]pposing parties and the [C]ourt's limited resources have been burdened by their obligations to address [Plaintiff's] meritless . . . pleadings." <u>United States v. North Carolina</u>, No. 1:13cv861, 2014 WL 12780297, at *2 (M.D.N.C. Apr. 22, 2014). As

12

the Court (per Judge Schroeder) has warned Plaintiff in the past, "[f]rivolous actions like [his] detract the attention of the judges of this [C]ourt from the other cases on their dockets." <u>Allen v. Davis</u>, 1:20cv316, Docket Entry 11 at 1-2 (M.D.N.C. Nov. 16, 2020) (emphasis omitted), <u>aff'd</u>, 853 F. App'x 869 (4th Cir. 2021). Plaintiff's extensive litigation history (as detailed above) compounds that burden and, thanks to his attempts to elude the prefiling injunction via venue transfer, now needlessly saddles other courts with unnecessary work, <u>see, e.g.</u>, <u>In re Fengling Liu</u>, 664 F.3d 367, 386 (2d Cir. 2011) (noting that "filing[s ] in the wrong venue" require "the [c]ourt to expend resources in transferring cases to the correct venue").

### D.  **Alternatives to Prefiling Injunction**

As to the fourth factor, the undersigned has considered the adequacy of lesser alternatives to a prefiling injunction and concludes "that no other remedy w[ould] adequately prevent [Plaintiff] from filing additional frivolous [complaints] and [applications]," <u>United States v. North Carolina</u>, 2014 WL 12780297, at *2.  Despite (A) separate warnings from the Court that "filing frivolous actions[ may result in] sanctions[, ] including an injunction," <u>Allen</u>, 1:20cv316, Docket Entry 11 at 1-2, and that Plaintiff's "persistence in filing frivolous federal actions supports the denial of future pauper applications," <u>Allen v. Golds Gym - Burlington</u>, No. 1:22cv574, Text Recommendation (M.D.N.C. July

13

22, 2022), and (B) the imposition of a two-year prefiling injunction on "any civil action submitted by Plaintiff without prepayment of the full filing fee," Allen, No. 1:21cv551, Docket Entry 8 at 3, Plaintiff continues to pursue frivolous actions in this Court — most recently through manipulation of venue-transfer procedures.  Under such circumstances, no lesser alternative to a prefiling injunction would suffice.

Because all of the Cromer factors support such action, the undersigned recommends that the Court direct the Clerk to refuse to accept, for a period of four years, any civil action submitted by Plaintiff without prepayment of the full filing fee.[7]

**CONCLUSION**

The Complaint fails to state a claim on which relief may be granted, and the Court should impose a renewed prefiling injunction.

**IT IS THEREFORE ORDERED** that the Application (Docket Entry 2) is **GRANTED** for the sole purpose of entering this Recommendation.

**IT IS RECOMMENDED** that the Complaint (Docket Entry 1) be

---

7  "[N]arrowly tailored to fit the specific circumstances at issue [here]," Cromer, 390 F.3d at 818, the proposed injunction (i) restricts only Plaintiff's ability to file without prepaying the filing fee, rather than "imposing a categorical ban on future filings," id. at 819, and (ii) doubles the duration of the previous injunction to further deter Plaintiff from pursuing meritless claims in this Court, see McKinney v. Virginia, No. 2:18cv51, 2018 WL 6600207, at *3 (W.D. Va. Dec. 17, 2018) ("enjoin[ing a plaintiff] from proceeding IFP [to pursue previously dismissed claims] for . . . four years"), aff'd, 767 F. App'x 557 (4th Cir. 2019).

14

dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER RECOMMENDED** that the Court direct the Clerk to refuse to accept, for a period of four years, any civil action submitted by Plaintiff without prepayment of the full filing fee.

This 20th day of April, 2026.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

15